IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD TRAHAN,

      Plaintiff,                      No. CIV S-05-2368 MCE GGH P

    vs.

THOMAS L. CAREY, Warden, et al.,

      Defendants.              ORDER

_____/

        Plaintiff originally filed this action as an application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 31, 2006, the court construed this action as a civil rights action pursuant to 42 U.S.C. § 1983 and ordered plaintiff to file a complaint. Pending before the court is plaintiff's complaint filed February 27, 2006.

        Named as defendants in the caption of the complaint are Warden Carey and several unidentified appeals coordinators and correctional counselor's I through III.

        In the body of the complaint, plaintiff discusses several correctional counselors and appeals coordinators. However, because he has not identified these counselors and coordinators as defendants, it is unclear whether he intended to name them as defendants. On this ground, the complaint is dismissed with leave to amend. If plaintiff files an amended

/////

complaint, he must specifically identify whom he intends to name as defendants. The court observes that plaintiff discusses Guidance Counselor Hightower. However, it is unclear whether plaintiff intends to name Guidance Counselor Hightower as one of the "correctional counselor" defendants.

> The Civil Rights Act under which this action was filed provides as follows:
>
> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff files an amended complaint, he must link each defendant to the alleged deprivations.

/////

1    Accordingly, IT IS HEREBY ORDERED that plaintiff's complaint is dismissed
2 with thirty days to file an amended complaint; failure to file an amended complaint within that
3 time will result in a recommendation of dismissal of this action.
4 DATED: 6/26/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

7 ggh:kj
tra2368.ord