IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD TRAHAN,

    Plaintiff,                        No. CIV S-05-2368 MCE GGH P

    vs.

THOMAS L. CAREY, et al.,

    Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se.  Pending before the court is plaintiff's amended complaint filed July 24, 2006.

        Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28 U.S.C. § 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

1

month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

In claim one, plaintiff alleges that defendants Tan and Robinson told him that he had to participate in a drug treatment program even though he had no history of drug abuse.  Plaintiff goes on to allege that once in the drug program, he was required to recite religious statements in violation of his own religion.  After refusing to make these statements, he was punished by defendants Hightower, Blackwell and Irving in violation of his First Amendment rights.

Plaintiff has stated a colorable claim for relief against defendants Hightower, Blackwell and Irving.  Plaintiff does not allege that defendants Tan and Robinson knew that the drug program required plaintiff to make religious statements in violation of religion.  Rather, the only claim against defendants Tan and Robinson is that plaintiff disagreed with their assessment that he required drug treatment.  This allegation does not state a colorable claim.  Accordingly, these claims against defendants Tan and Robinson are dismissed.

In claim two, plaintiff alleges that the appeals coordinator failed to properly process his administrative appeal.  This claim should be dismissed for two reasons.  First, plaintiff does not identify the appeals coordinator by name.  Plaintiff has named two appeals coordinators as defendants (Freese and Smothers) and it is unclear which of these defendants is associated with this claim.  In any event, plaintiff has no right to a grievance procedure.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).  This claim is dismissed for failing to state a colorable claim for relief.

In claim three, plaintiff alleges that he was retaliated against for filing administrative appeals.  Inmates have a right to be free from the filing of false disciplinary charges in retaliation for the exercise of constitutionally protected rights.  Pratt v. Rowland, 65

1  F.3d 802, 807 (9th Cir. 1995); Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Rizzo
2  v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).  The Ninth Circuit treats the right to file a prison
3  grievance as a constitutionally protected First Amendment right.  Hines v. Gomez, 108 F.3d 265
4  (9th Cir. 1997); see also Hines v. Gomez, 853 F. Supp. 329 (N.D. Cal. 1994) (finding that the
5  right to utilize a prison grievance procedure is a constitutionally protected right, cited with
6  approval in Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995)).

7         In order to state a retaliation claim, a plaintiff must plead facts which suggest that
8  retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor
9  behind the defendant's conduct.  See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th
10  Cir. 1989).  The plaintiff must also plead facts which suggest an absence of legitimate
11  correctional goals for the conduct he contends was retaliatory.  Pratt at 806 (citing Rizzo at 532).
12  Verbal harassment alone is insufficient to state a claim.  See Oltarzewski v. Ruggiero, 830 F.2d
13  136, 139 (9th Cir. 1987).  However, even threats of bodily injury are insufficient to state a claim,
14  because a mere naked threat is not the equivalent of doing the act itself.  See Gaut v. Sunn, 810
15  F.2d 923, 925 (9th Cir. 1987).  Mere conclusions of hypothetical retaliation will not suffice, a
16  prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's
17  constitutional rights."  Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990).

18         Plaintiff first alleges that on February 22, 2006, defendant Freese ordered
19  Correctional Officer Sutton to charge plaintiff with a rules violation report.  Plaintiff offers no
20  facts demonstrating that defendant Freese was retaliating against him for filing administrative
21  grievances when he ordered plaintiff charged with violating rules.  This claim is dismissed
22  because it is vague and conclusory.

23         Plaintiff next alleges that on May 5, 2006, defendant Smothers confiscated his
24  legal materials on grounds that plaintiff was under investigation.  Defendant Reynoso
25  interviewed him regarding the investigation, although plaintiff was never charged.

26         Plaintiff had pled no facts demonstrating that defendants Smothers and Reynoso

were motivated by retaliation. Plaintiff does not allege, for example, that defendant Smothers told him that he was confiscating his legal property because plaintiff had filed administrative appeals. The retaliation claims against defendants Smothers and Reynoso are dismissed because they are vague and conclusory.

Plaintiff next alleges that on May 5, 2006, he filed an administrative appeal regarding the confiscation of his legal property by defendant Smothers. Plaintiff alleges that defendants La and Luzados retaliated against him by failing to process plaintiff's outgoing mail on the first business day of the week. Plaintiff alleges that on May 9, 2006, defendant Dashiell told him that the administrative appeal he filed on May 5, 2006, was still in the building on May 9, 2006. Plaintiff alleges that defendants Dashiell and Dahle continued to harass him through the night because the mail still was not processed.

Plaintiff has pled no facts supporting his claim that defendants La, Luzados, Dashiell and Dahle were motivated by retaliation when they did not timely process his outgoing mail. Rather, plaintiff's retaliation claim against these defendants is based on conclusory allegations. Because these claims are vague and conclusory, they are dismissed.

Plaintiff next alleges that on June 13, 2006, defendant Robinson participated in plaintiff's annual review. During the interview, plaintiff gave defendant Robinson a written statement which defendant agreed to present at plaintiff's classification hearing. Defendants Long, Ramos, Robinson and Wise participated in plaintiff's June 15, 2006, classification hearing. Plaintiff alleges that defendant Long instructed defendant Robinson to put in the record that plaintiff refused to program in retaliation for plaintiff asking for an alternative assignment program. Plaintiff requested that he be placed in an alternative assignment so that he did not have to participate in the religious drug treatment program.

Plaintiff does not allege that defendants Ramos or Wise participated in the decision to enter into his record that his failure to participate in the drug treatment program constituted failure to program. Accordingly, the court does not find that plaintiff has stated a

4

colorable claim against these defendants. Plaintiff has stated a colorable retaliation claim against defendants Long and Robinson.

The amended complaint contains no specific allegations against defendants Carey, Simpson, Thompson, Vicente and Alysworth. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Because plaintiff has failed to link defendants Carey, Simpson, Thompson, Vicente and Alysworth to the alleged deprivations, the claims against these defendants are dismissed.

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The amended complaint is dismissed but for the claims against defendants Hightower, Blackwell, Irving, Long, Robinson; plaintiff is granted thirty days from the date of this order to file a third amended complaint; if plaintiff does not file a second amended complaint within that time, the court will issue further orders.

4. Plaintiff's August 21, 2006, motion for appointment of counsel is denied.

DATED: 11/8/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
trah2368.1

6