IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD TRAHAN,

      Plaintiff,                               No. CIV S-05-2368 MCE GGH P

    vs.

THOMAS L. CAREY, et al.,

      Defendants.                   <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' April 25, 2007, motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). After carefully considering the record, the court orders that defendants' motion is granted with leave to amend.

<u>LEGAL STANDARD FOR MOTION TO DISMISS</u>

        In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." <u>Id.</u>, quoting 5 C. Wright & A. Miller, Federal Practice

1

1  and Procedure § 1216, pp. 235-236 (3d ed. 2004).

2  In considering a motion to dismiss, the court must accept as true the allegations of
3  the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.
4  Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the
5  motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421,
6  89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume
7  that general allegations embrace those specific facts that are necessary to support the claim.'"
8  NOW, 510 U.S. at 256, 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S. 555,
9  561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent
10 standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596
11 (1972).

12 The court may consider facts established by exhibits attached to the complaint.
13 Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also
14 consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d
15 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other
16 papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.
17 1986). The court need not accept legal conclusions "cast in the form of factual allegations."
18 Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

19 A pro se litigant is entitled to notice of the deficiencies in the complaint and an
20 opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See
21 Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

22 DISCUSSION

23 This action is proceeding on the second amended complaint filed December 1,
24 2006. The defendants are Long, Robinson, Blackwell, Irving and Hightower. Plaintiff alleges
25 that he consented to placement in the Substance Abuse Program at California State Prison-
26 Solano. As part of the program, plaintiff was required to recite the Center Point Creed. Plaintiff

1  refused to recite the creed on grounds that it was a religious daily devotion.  Plaintiff was
2  removed from the program and disciplined based on his failure to recite the creed.  Plaintiff
3  alleges that punishing him for failing to recite the creed violated his First Amendment right to
4  religious freedom and also constituted retaliation for exercising his constitutional rights.

   Defendants move to dismiss plaintiff's claims on grounds that the creed is secular.
The creed states:

> It is our concept that every person
> has the potential for greatness.
> We make the commitment to strive for this greatness.
> Trusting in each other we develop a bond.
> By accepting responsibility for our actions
> We can regain our freedom.
> You support me, and I support you
> And together we will achieve our greatness.
> Utilizing an open channel of communication
> Displaying empathy to others
> With consistent effort and initiative
> We finally reach completion
> Displaying pride and integrity
> We emerge as new selves
> With a new concept of life.

Second Amended Complaint, Exhibit B.

"For the government to coerce someone to participate in religious activities strikes at the core of the Establishment Clause of the First Amendment, whatever else the Clause may bar." Inouye v. Kemna, No. 0615474, 2007 WL 2850445 * 4 (9th Cir. Oct. 3, 2007) (finding an Establishment Clause violation for required attendance at AA/NA meeting).  "As Justice Black wrote in the first modern Establishment clause case, Everson v. Board of Education of Ewing Township, 330 U.S. 1, 15-16, 67 S. Ct. 504 (1947), the clause 'means at least' that '[n]either a state nor the Federal Government...can force nor influence a person to go to or to remain away from church against his will or force him to profess a belief or disbelief in any religion.  No person can be punished for entertaining or professing religious beliefs or disbeliefs, for church attendance or non-attendance.'" Id.

\\\\\

The Second and Seventh Circuits have also found compelling prisoners and probationers to participate in AA/NA programs where reverence to a "higher power" was a substantial component of the program was unconstitutionally coercive. In <u>Warner v. Orange County Dept. of Probation</u>, 115 F.3d 1068 (2d Cir. 1997), participants in the AA program were told to pray to God for help in overcoming their affliction. 115 F. 3d at 1074. "Meetings opened and closed with group prayer." <u>Id.</u>

In <u>Kerr v. Farrey</u>, 95 F.3d 472 (7th Cir. 1996),

> [t]he district court thought that the NA program escaped the "religious" label because the twelve steps used phrases like "God, as we understood Him," and because the warden indicated that the concept of God could include the non-religious idea of willpower within the individual. We are unable to agree with this interpretation. A straightforward reading of the twelve steps shows clearly that the steps are based on the monotheistic idea of a single God or Supreme Being. True, that God might be known as Allah to some, or YHWH to others, or the Hold Trinity to still others, but the twelve steps consistently refer to "God as we Understood Him." Even if we expanded the steps to include polytheistic ideals, or animistic philosophies, they are still fundamentally based on a religious concept of a Higher Power. Kerr alleged, furthermore, that the meetings were permeated with explicit religious content. This was therefore not a case (again, on the present record) where the only religious note was struck by the insertion of the words "under God" in the Pledge of Allegiance, or other incidental references that the courts have upheld.

95 F.3d at 479-480.

In the instant case, the Center Point Creed contains no reference to God or any higher power concept. Rather, the creed is secular in nature. Accordingly, defendants did not violate plaintiff's First Amendment rights by punishing him for refusing to recite the creed.

In order to state a colorable retaliation claim, plaintiff must allege 1) a state actor took some adverse action against him, 2) because of, 3) his protected conduct, and that such action 4) chilled his exercise of his First Amendment rights, and 5) the action did not reasonably advance legitimate correctional goals. <u>Rhodes v. Robinson</u>, 408 F.3d 559, 568 (9th Cir. 2005).

In the instant case, plaintiff's conduct was not protected because his failure to recite the creed did not violate his First Amendment rights. Accordingly, plaintiff's retaliation claim is dismissed as well.

In his opposition, plaintiff argues that he attached exhibits to his second amended complaint demonstrating that there were religious components to the substance abuse program. Attached as an exhibit is what appears to be part of an inmate appeal filed by plaintiff in which he complains that religious materials were part of the substance abuse program curriculum. Plaintiff cites books from the Twelve Steps Program including Just for Today, Daily Reflections and As Bill Sees It. Plaintiff also attaches affidavits from inmates who state that they read from these books as part of the treatment program and that these books were read during the treatment program meetings.

Plaintiff's second amended complaint contains no allegations regarding religious books. Plaintiff will be granted an opportunity to file a third amended complaint containing his claims that religious books were used in the substance abuse program. If plaintiff files a third amended complaint, he must describe how these books were religious and how they were used, including whether he was required to read from them and whether he was required to listen to these books being read. The court will most likely not find a colorable First Amendment claim if plaintiff merely alleges that he was required to be in the same room with these books or given the option of reading them.

Accordingly, IT IS HEREBY ORDERED that defendants' April 25, 2007, motion to dismiss is granted with leave to amend; plaintiff is granted twenty days from the date of this order to file a third amended complaint; defendants' response is due twenty days thereafter; if plaintiff does not file a third amended complaint, the court will recommend that this action be dismissed.

DATED: 11/26/07                                            /s/ Gregory G. Hollows

                                                           UNITED STATES MAGISTRATE JUDGE

tra2368.mtd